**KANSAS CITY PUBLIC SERVICE CO. v. McMULLIN.**

No. 2865.

Circuit Court of Appeals, Tenth Circuit.

April 20, 1944.

Rehearing Denied May 15, 1944.

E. S. McAnany, of Kansas City, Kan. (Charles L. Carr, of Kansas City, Mo., and Thos. M. Van Cleave and McAnany, Alden & Van Cleave, all of Kansas City, Kan., on the brief), for appellant.

A. J. Herrod, of Kansas City, Kan., for appellee.

Before PHILLIPS and HUXMAN, Circuit Judges, and RICE, District Judge.

HUXMAN, Circuit Judge.

Appellee, John Floyd McMullin, instituted this action against appellant, the Kansas City Public Service Company, a corporation, in the District Court of the United States for the District of Kansas, to recover damages resulting from an automobile collision. Judgment was rendered for appellee.

The points presented for review are that there is complete failure of proof to establish negligence on the part of appellant, that in any event appellee was guilty of contributory negligence, and that the amount of recovery allowed was excessive.

The action arose out of an automobile collision at the intersection of Winner Road and Harris Street in Kansas City, Missouri. Winner Road is a double lane highway running east and west, with parking space in the center. The north laneway is approximately 28 feet wide. Harris Street, a street approximately 32 feet wide, runs north and south and intersects Winner Road at right angles.

Appellee testified that he was traveling east along the south side of Winner Road; that he turned north at the intersection of Harris Street; that before crossing the north lane of Winner Road he stopped at the paved strip between the two sections of Winner Road to look for traffic; that he saw a bus coming from the east on Winner Road about 250 to 300 feet east of Harris Street; that it appeared to be traveling about 25 miles an hour; that he threw his car into gear and started across the intersection at an approximate speed of 10 miles an hour.

He testified that he heard a scream of brakes and looked up and saw the bus "right on him", and traveling about forty miles an hour; that his car was about two-thirds of the way into Harris Street; that the bus turned north into Harris Street and struck the center of his car on the right side. The bus forced his car across the intersection and up against a brick building at the northwest corner of the intersection. He testified that he thought he had plenty of time to cross the intersection and that had the bus continued along Winner Road instead of turning into Harris Street, there would have been no collision.

He testified that he was dazed by the impact; that he suffered severe pains in the back; that he had pains in his chest, back, right side and right shoulder; that the front part of his limbs and his knees were lacerated; that the force snapped his neck and injured the base of his head; that he was bleeding and was given first aid by a doctor at the scene; that he stayed at the hospital for three days and then was taken home, where he remained for twenty-one days more. He testified that during all this time he suffered severe, continuous pain unless relieved by medication; that his right side was taped while he was in the hosptial, and was very painful; that he wore tape for five or six weeks and then wore a brace; that when he went back to work he was unable to perform all his duties and that the other boys helped him do his work; that it was months before he had a full day without pain. There was some supporting testimony for both the appellee and the appellant, but no witness saw the operation of the car and of the bus immediately prior to the collision with sufficient clarity to throw much light upon the transaction. In the main, the question of liability must be determined from the testimony of appellee and the driver of appellant's bus.

■ The driver of appellant's bus testified to a state of facts materially different to the narrative outlined above. That testimony is not delineated here, because our jurisdiction is limited to searching the record to ascertain whether there is substantial evidence to sustain the judgment of the trial court. If there is such evidence, it becomes our duty to give credence to the judgment of the trial court.

■ While the evidence is not overwhelming, it is our conclusion that the evidence narrated here supports the finding of the trial court that appellant's driver was negligent and that appellee was free from contributory negligence. A detailed statement of the reasons that impel this conclusion would only unnecessarily encumber legal publications and would add nothing either new or valuable to legal principles.

■ It is further contended that in any event the judgment is excessive. Judgment was rendered for $2,500. The undisputed evidence is that appellee actually suffered the following items of loss: Damage to his car, $690; medical expenses, $50; loss of wages, $141.60. This would leave $1,618.40 for pain, injury and suffering. The court appointed a commission of doctors to examine appellee. Their report indicates that no great or permanent injuries were suffered and that appellee should not have suffered a great deal of severe pain. While the commission failed to find lesions which would cause severe pain, the report did state: "They might be there; we cannot see pain; we cannot hear it; we cannot feel it. * * *" One doctor called as a witness by appellant testified that most of the back injury was temporary; that the back injury was the most serious and could continue over a long period of time and still could give residual symptoms a long time later.

No system has yet been devised by which damages can be gauged accurately and

with exactitude. We cannot say as a matter of law that the amount of the verdict is so grossly excessive as to shock the conscience of the court. In the absence of such a showing, it is our duty to affirm the judgment.

Affirmed.